■ HAZEL ROUGEAU, Respondent, v. BEN TUTINO, Appellant.— Order, entered on May 15, 1962, setting aside the verdict and judgment and directing a new trial unless defendant stipulates to increase the verdict to $6,000, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to appellant, and the verdict and judgment reinstated. Sharply disputed questions of fact were presented by the medical testimony offered by both sides. The record amply sustains the adequacy of the verdict and it was error to set it aside. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ In the Matter of the FIRST INTERMEDIATE ACCOUNTING OF CHARLES S. LUBIN, as Committee, for the Estate of PETER MASIELLO, an INCOMPETENT Person, Respondent. J. S. GLEASON, JR., as Administrator of Veterans' Affairs, Appellant; BURTON M. FINE, as Special Guardian, Respondent.— Order entered on March 23, 1962 granting allowances to the committee and the special guardian, unanimously modified in the exercise of discretion to the extent of reducing the allowance to the committee to the sum of $590 and to the special guardian to the sum of $200, without costs. We conclude that some of the legal services rendered by the committee were not those ordinarily required of an attorney committee. We find, however, that in all the circumstances the amount fixed for such services is excessive and should be reduced to $500. In addition, he should be allowed the sum of $90 disbursed by him. The allowance of $400 to the special guardian is likewise excessive in the circumstances and should be reduced to $200. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ BESSIE MERCER, Respondent, v. PORTSMOUTH ASSOCIATES, INC., Appellant.— Order, entered on May 31, 1962, denying motion to dismiss for lack of prosecution provided plaintiff complies with certain terms, unanimously reversed on the law and on the facts, and as a matter of discretion, with $20 costs and disbursements to the appellant, and the motion granted, with $10 costs. The facts presented in opposition to the application present no reasonable excuse for the failure to proceed in the action for a period in excess of 30 months. Similar excuses have been held invalid (Goldfarb v. Mallin, 3 A D 2d 735). Special Term was influenced by the fact that defendant did not move until after the Statute of Limitations had run. This is not a factor to be considered. There is no obligation on a defendant to move to dismiss, and the failure to move before any certain date does not affect the determination of the motion or allow the court to overlook plaintiff's neglect. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.